UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07019-MCS-GJS | Date | August 21, 2023 |
| Title | *Branden Flynn v. Credit Acceptance Corporation* | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: DEFENDANT'S MOTION TO DISMISS (ECF No. 49)

## I. Background

Plaintiff Branden Flynn filed a Complaint alleging several violations of the federal Fair Debt Collection Practices Act by Defendant Credit Acceptance Corporation. (Compl., ECF No. 1.) The Court ordered the parties to arbitration and stayed the case pending resolution of the arbitration proceedings. (Order Granting Mot. to Compel Arbitration, ECF No. 20.) The arbitrator granted Defendant's dispositive motion and dismissed the case. (*See* Def.'s Third Status Report Ex. A, ECF No. 23.) A state court confirmed the award. (RJN Ex. 5, ECF No. 50.)[1]

---

[1] The Court grants Defendant's requests for judicial notice of documents on file with the state court, which includes the arbitration decision. *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *see also Mariano Rancho, LLC v. Scottsdale Ins. Co.*, 2:21-cv-02740-VAP (MARx), 2021 WL 9969240, at *3 (C.D. Cal. July 16, 2021) (taking judicial notice that a state court "confirmed the Arbitration Award as well as the fact that the JAMS panel made several findings and conclusions set forth in the Arbitration Award"). The requests

Defendant moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). (Mot., ECF No. 49.) Plaintiff filed an untimely opposition.[2] (Opp'n, ECF No. 51); *see* C.D. Cal. R. 7-9. Defendant did not file a reply. The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "A complaint may be dismissed for failure to state a claim only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Reviewing a motion to dismiss, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the non-moving party. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). At the same time, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

---

for judicial notice of documents in the federal case docket are denied as unnecessary. *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 942 (C.D. Cal. 2015).

[2] Although the Court considers the motion on the merits, it notes that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. R. 7-12. Plaintiff's failure to timely oppose the motion constitutes an independent basis to grant Defendant's motion.

### III. Analysis

Defendant argues "[a]ll of the claims that Plaintiff alleges in this Complaint are barred by the doctrine of Res Judicata because they have been adjudicated in arbitration." (Mot. 5.) The arbitrator's award granting Defendant's dispositive motion and dismissing Plaintiff's case was confirmed in state court. (*See* RJN Ex. 5.) A "state court's confirmation of the arbitration award constitutes a judicial proceeding . . . and thus must be given the full faith and credit it would receive under state law." *Caldeira v. County of Kauai*, 866 F.2d 1175, 1178 (9th Cir. 1989). "Although res judicata is usually applied to judicial decisions, a prior judgment confirming an arbitration award may also bar a subsequent lawsuit based on the same cause of action." *Bucur v. Ahmad*, 244 Cal. App. 4th 175, 185 (2016).

In determining the preclusive effect of a state court judgment, federal courts follow the state's rules of preclusion. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 (1982)). "In California, '[c]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties [or parties in privity with them] (3) after a final judgment on the merits in the first suit.'" *Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016) (alterations in original) (quoting *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015)).

The second and third elements are easily met: the parties to the arbitration proceedings and subsequent confirmation petition are the same as the parties to this lawsuit, and the state court's confirmation is treated as a judgment. As to the first element, he Court previously found that "[t]he arbitration agreement . . . covers the disputes at issue" and ordered the parties to submit all claims to arbitration. (Order Granting Mot. to Compel Arbitration 7.) The arbitrator dismissed Plaintiff's claims in their entirety. (RJN Ex. 4.) Thus, the issues resolved in the arbitration decision and subsequently confirmed by the state court are in every way identical to those presented in this case.

Consequently, the state court order confirming the arbitration award bars further litigation of this action.

### IV. Conclusion

Defendant has shown that all the elements are satisfied, and the Court finds Plaintiff's claims are barred by the doctrine of res judicata. Although courts are

required to grant leave to amend "with extreme liberality," *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (internal quotation marks omitted), "[c]ourts may decline to grant leave to amend" if doing so would be futile, *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). Because Plaintiff's claims are barred by res judicata, any amendment would be futile. *Davis v. County of Maui*, 454 F. App'x 582, 583 (9th Cir. 2011). Accordingly, Defendant's motion to dismiss is GRANTED with prejudice and without leave to amend. The Court directs the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**